**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| SHERIH IBRAHIM, | ) | Case No. CV 15-6372 FMO (JCx) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER Re:  MOTION TO REMAND** |
| | ) | |
| CVS Rx SERVICES, INC. dba CVS, <u>et al.</u>, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Having reviewed and considered all the briefing filed with respect to plaintiff's Motion for an Order to Remand to State Court ("Motion"), the court concludes that oral argument is not necessary and orders as follows.  <u>See</u> Fed. R. Civ. P. 78; <u>Willis v. Pac. Mar. Ass'n</u>, 244 F.3d 675, 684 n. 2 (9th Cir. 2001).

## <u>BACKGROUND</u>

On July 20, 2015, plaintiff Sherih Ibrahim ("plaintiff") filed a complaint in Los Angeles County Superior Court ("state court") against defendants CVS Rx Services, Inc. dba CVS, CVS Health Corporation, Caremark, LLC, CVS Caremark Corporation, Loc Le, Thomas Hines, Jordan Douglas, and Does 1 through 100 (collectively, "defendants").  (<u>See</u> Dkt.1, Notice of Removal

("NOR"), Exhibit ("Exh.") A ("Complaint")).[1]   The Complaint asserts 12 claims for relief under California law:  (1) age discrimination in violation of the California Fair Employment and Housing Act, Cal. Gov. Code §§ 12900, et seq. ("FEHA"); (2) harassment on the basis of age in violation of FEHA; (3) retaliation for complaining of discrimination and/or harassment on the basis of age in violation of FEHA; (4) disability discrimination in violation of FEHA; (5) retaliation for taking leave under the California Family Rights Act in violation of FEHA; (6) race discrimination in violation of FEHA; (7) retaliation in violation of California Labor Code §§ 1102.5, et seq. ("§ 1102.5"); (8) breach of implied-in-fact contract not to terminate employment without good cause; (9) wrongful termination in violation of FEHA and § 1102.5; (10) failure to prevent discrimination, harassment, and retaliation in violation of FEHA; (11) intentional infliction of emotional distress; and (12) failure to pay vested vacation time in violation of California Labor Code § 227.3.  (Id. at ¶¶ 19-99).

The removing defendants removed the case to this court on the basis of federal question jurisdiction, 28 U.S.C. § 1331.  (See Dkt.1, NOR at ¶¶ 8-9).  Removing defendants allege federal question jurisdiction under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), arguing that the LMRA preempts plaintiff's claims.  (See id. at ¶¶ 9-24).

## LEGAL STANDARD

Removal of a civil action from the state court where it was filed is proper if the action might have originally been brought in federal court.  See 28 U.S.C. § 1441(a) ("[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]").  "The burden of establishing federal jurisdiction is upon the party seeking removal[.]" Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988); see Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing

---

[1]   The NOR was filed by CVS Rx Services, Inc. ("CVS") and Caremark, LLC ("Caremark" and together with CVS, "removing defendants"), and failed to indicate the status of the other entity defendants named in the Complaint, such as CVS Health Corporation and CVS Caremark Corporation.  (See, generally, Dkt.1, NOR).

defendant"). As such, any doubts are resolved in favor of remand. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("We strictly construe the removal statute against removal jurisdiction."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## DISCUSSION[2]

I.      FEDERAL QUESTION JURISDICTION.

"As the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims." ARCO Envt'l Remediation, L.L.C. v. Dep't of Health and Envt'l Quality of Montana, 213 F.3d 1108, 1114 (9th Cir. 2000). The existence of a federal defense is not enough to justify removal to federal court. See Caterpillar Inc. v. Williams, 482 U.S. 386, 393, 107 S.Ct. 2425, 2430 (1987) ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint[.]") (italics in original).

The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Smallwood v. Allied Van Lines, Inc., 660 F.3d 1115, 1120 (9th Cir. 2011) (quoting Caterpillar, 482 U.S. at 392, 107 S.Ct. at 2429. However, "[t]he jurisdictional doctrine of complete preemption serves as an exception to the well-pleaded complaint rule." Ansley v. Ameriquest Mortg. Co., 340 F.3d 858, 861 (9th Cir. 2003). The complete preemption doctrine "provides that, in some instances, the preemptive force of [federal statutes] is so strong that they completely preempt an area of state law." Id. at 861-62 (internal quotation marks omitted). The "proper inquiry focuses on whether Congress intended the federal cause of action to be exclusive[.]" Beneficial Nat'l. Bank v. Anderson, 539 U.S. 1, 9 n. 5, 123 S.Ct. 2058, 2064 (2003). "[O]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." Caterpillar, 482 U.S.

---

[2] To the extent the court relies on evidence objected to by the parties, those objections are overruled unless otherwise indicated.

1  at 393, 107 S.Ct. at 2430.  Complete preemption "arises only in 'extraordinary' situations."  Ansley,

2  340 F.3d at 862.

3        Section 301 of the LMRA provides:

4          Suits for violation of contracts between an employer and a labor organization

5          representing employees in an industry affecting commerce as defined in this

6          chapter, or between any such labor organizations, may be brought in any

7          district court of the United States having jurisdiction of the parties, without

8          respect to the amount in controversy or without regard to the citizenship of

9          the parties.

10  29 U.S.C. § 185(a).  "The Supreme Court decided early on that in enacting this statute, Congress

11  charged federal courts with a 'mandate . . . to fashion a body of federal common law to be used

12  to address disputes arising out of labor contracts.'"  Burnside v. Kiewit Pac. Corp., 491 F.3d 1053,

13  1059 (9th Cir. 2007) (quoting Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 209, 105 S.Ct. 1904,

14  1910 (1985)).  "As a result of this broad federal mandate, . . . the 'preemptive force of section 301

15  is so powerful as to displace entirely any state cause of action for violation of contracts between

16  an employer and a labor organization.'"  Burnside, 491 F.3d at 1059 (quoting Franchise Tax Bd.

17  v. Constr. Laborers Vacation Trust, 463 U.S. 1, 23, 103 S.Ct. 2841, 2853 (1983), superseded by

18  statute on other grounds as recognized by Ethridge v. Harbor House Rest., 861 F.2d 1389, 1392

19  n. 3 (9th Cir. 1988)).

20        To determine if a plaintiff's state law claim is preempted by § 301, the court engages in a

21  two-step inquiry.  See Burnside, 491 F.3d at 1059.  First, the court must determine "whether the

22  asserted cause of action involves a right conferred upon an employee by virtue of state law, not

23  by a [collective-bargaining agreement ("CBA")].  If the right exists solely as a result of the CBA,

24  then the claim is preempted, and [the court's] analysis ends there."  Id.  To make this

25  determination, the court considers the legal character of a claim as independent of rights under

26  the CBA.  See id. at 1060.  "A claim brought in state court on the basis of a state-law right that is

27  'independent of rights under the collective-bargaining agreement,' will not be preempted, even if

28

1 'a grievance arising from "precisely the same set of facts" could be pursued.'" Valles v. Ivy Hill

2 Corp., 410 F.3d 1071, 1076 (9th Cir. 2005) (quoting Livadas v. Bradshaw, 512 U.S. 107, 123, 114

3 S.Ct. 2068, 2078 (1994)).  Additionally, "reliance on the CBA as an aspect of a defense is not

4 enough to 'inject[] a federal question into an action that asserts what is plainly a state-law claim.'"

5 Burnside, 491 F.3d at 1060 (quoting Caterpillar, 482 U.S. at 398-99, 107 S.Ct. at 2433).

6       Second, if "the right exists independently of the CBA, [the court] must still consider whether

7 it is nevertheless 'substantially dependent on analysis of a collective-bargaining agreement.'"

8 Burnside, 491 F.3d at 1059 (quoting Caterpillar, 482 U.S. at 394, 107 S.Ct. at 2431).  The court

9 considers "whether the claim can be resolved by 'look[ing] to' versus interpreting the CBA.  If the

10 latter, the claim is preempted; if the former, it is not."  Id. at 1060 (internal citations omitted)

11 (alteration in original); see Cramer v. Consol. Freightways, Inc., 255 F.3d 683, 691-92 (9th Cir.

12 2001), cert. denied, 534 U.S. 1078 (2002) ("[A]lleging a hypothetical connection between the claim

13 and the terms of the CBA is not enough to preempt the claim: adjudication of the claim must

14 require interpretation of a provision of the CBA.").  "The plaintiff's claim is the touchstone for this

15 analysis; the need to interpret the CBA must inhere in the nature of the plaintiff's claim."  Cramer,

16 255 F.3d at 691.  "When the parties do not dispute the meaning of contract terms, the fact that a

17 CBA will be consulted in the course of state law litigation does not require preemption."  Ward v.

18 Circus Circus Casinos, Inc., 473 F.3d 994, 998 (9th Cir. 2007).

19       Section "301 preemption is not designed to trump substantive and mandatory state law

20 regulation of the employee-employer relationship; § 301 has not become a 'mighty oak' that might

21 supply cover to employers from all substantive aspects of state law."  Valles, 410 F.3d at 1076.

22 "In particular, the Court has sought to preserve state authority in areas involving minimum labor

23 standards.  Id.  Therefore, "§ 301 cannot be read broadly to pre-empt nonnegotiable rights

24 conferred on individual employees as a matter of state law."  Id.  Indeed, "§ 301 does not permit

25 parties to waive, in a collective bargaining agreement, nonnegotiable state rights conferred on

26 individual employees" and "must not be construed to give employers and unions the power to

27 displace state regulatory laws."  Id.  Where waiver of state rights is permissible under state law,

28 "the CBA must include clear and unmistakable language waiving the covered employee's state

1  right for a court even to consider whether it could be given effect." Id. (internal quotation marks

2  omitted).

3       A.    Implied-In-Fact Contract Claim.

4       Removing defendants contend that plaintiff's breach of implied contract claim is preempted

5  by the LMRA. (See Dkt. 1, NOR at ¶¶ 14-15; Dkt. 24, Memorandum of Points and Authorities in

6  Support of Defendants' Opposition to Plaintiffs' [sic] Motion to Remand Action to State Court

7  ("Opp.") at 6-8).  Plaintiff's eighth cause of action alleges that "[o]n the basis of oral assurances"

8  by supervisors, "the length of plaintiff's employment with defendants, defendants' actual practice

9  of terminating employment only for cause, and the industry standard . . . of terminating

10 employment only for cause, plaintiff and defendants shared the actual understanding that plaintiff's

11 employment could and would be terminated only for cause.  This shared understanding resulted

12 in an implied contract requiring that defendants have good cause to terminate plaintiff's

13 employment."  (Dkt. 1, Complaint at ¶ 70).  Plaintiff further alleges that defendants "entered an

14 express oral agreement not to terminate plaintiff's employment except for good cause.

15 Defendants represented to plaintiff that her employment would not be terminated unless her job

16 performance were unsatisfactory."  (Id. at ¶ 71).  Based on such representations, plaintiff alleges

17 that she decided to work for defendants.  (Id.).  Defendants breached the "implied-in-fact and/or

18 express  contract" when they terminated plaintiff's employment without good cause.  (Id. at ¶ 72).

19      Plaintiff contends that because the breach of contract claim does not refer to the CBA and

20 the union is not named as a defendant, the claim is not preempted.  (See Dkt. 9, Motion at 2, 4

21 & 9).  Neither point supports plaintiff's cause.  First, the fact that the Complaint does not refer to

22 the CBA is not dispositive under the circumstances here.  See Young v. Anthony's Fish Grottos,

23 Inc., 830 F.2d 993, 997 (9th Cir. 1987) (Although the plaintiff's complaint did not mention a

24 collective bargaining agreement, "[t]he district court . . . properly looked beyond the face of the

25 compliant to determine whether the contract claim was in fact a section 301 claim for breach of

26 a collective bargaining agreement 'artfully pleaded' to avoid federal jurisdiction."); Marcus v. UPS,

27 2014 WL 3421552, *3 (N.D. Cal. 2014) ("The CBA need not be directly mentioned in the complaint

28 in order for any of it[s] claims to be preempted by the LMRA.").  Second, there is no requirement

1  that a union be made a party to the litigation for state claims to be preempted.  See Rehmar v.

2  Smith, 555 F.2d 1362, 1366 (9th Cir. 1976) ("Section 301 jurisdiction is not dependent upon the

3  parties to the suit but rather the nature or subject matter of the action.  Jurisdiction exists as long

4  as the suit is for violation of a contract between a union and employer even if neither party is a

5  union or an employer."); Fong v. University of San Francisco, 1993 WL 106893, *1 (N.D. Cal.

6  1993) ("[T]he question here is not whether plaintiff referred to the collective bargaining agreement

7  or the union in her complaint, but rather whether her complaint requires a review of the terms of

8  the collective bargaining agreement."); Marcus, 2014 WL 3421552, at *3 (same).

9       Plaintiff's argument that there is no preemption because she has alleged a breach of an oral

10  promise made prior to the CBA's effective date, (see Dkt. 9, Motion at 9-10), fares no better.

11  Courts in the Ninth Circuit have held that allegations that an employer breached an individual

12  employment contract that is alleged to be independent of a CBA are preempted if the subject

13  matter of the individual contract concerns "a job position covered by the CBA[.]" Young, 830 F.2d

14  at 997; see, e.g., Beals v. Kiewit Pacific Co., 114 F.3d 892, 894 (9th Cir. 1997), cert. denied, 522

15  U.S. 1108 (1998) ("[A]ny independent agreement of employment concerning a job position

16  covered by the CBA could be effective only as part of the collective bargaining agreement.")

17  (internal quotation marks omitted; second alteration in original); Williams v. Kiewit Pacific Co.,

18  2006 WL 213745, * 2 (N.D. Cal. 2006) ("Plaintiff worked in a job covered by a CBA.  Therefore,

19  Plaintiff's employment contract may only be effective as part of the CBA and is thus preempted

20  by Section 301.") (citation and footnote omitted).  Agreements entered prior to a CBA are similarly

21  preempted.  See Hernandez v. Creative Concepts, Inc., 2011 WL 1770928, *9 (D. Nev. 2011)

22  ("Plaintiffs made the alleged individual employment contracts while not covered by the CBA, but

23  then acceded to the CBA.  The CBA thus supercedes any individual employment agreement under

24  controlling Ninth Circuit law, and Plaintiffs' breach of contract claim is preempted."); Marcus, 2014

25  WL 3421552, at *3 ("The argument that Plaintiff is asserting the breach of some employment

26  contract independent of the CBA similarly fails.  It is undisputed that Plaintiff's job position at UPS

27  was one covered by the CBA.  Accordingly, any independent agreement between Plaintiff and

28  UPS, if one existed at all, is effective only as part of the CBA and is preempted by the LMRA.

1    Moreover, the fact that Plaintiff was not a union member at the time he commenced employment

2    is of no moment since he was admittedly a union member at the time he was terminated and now

3    seeks to enforce a provision of the CBA that provides for enhanced job security.") (citation

4    omitted).  Here, removing defendants have produced evidence that the CBAs in force beginning

5    on March 29, 2012, covered plaintiff's position, (see Dkt. 1-9, Declaration of Katherine Lev in

6    Support of Removal of Civil Action from State Court ("Lev Decl."), ¶¶ 2-4, Exh. 1 ("First CBA"),

7    Exh. 2 ("Second CBA")), which plaintiff does not dispute.[3]  (See, generally, Dkt. 9, Motion); cf.

8    Chmiel v. Beverly Wilshire Hotel Co., 873 F.2d 1283, 1286 (9th Cir. 1989) ("A claim based upon

9    an independent employment contract is not completely preempted if it concerns a job not

10   governed by a collective bargaining agreement.").  Accordingly, plaintiff's breach of contract claim

11   is preempted.[4]

12        B.    Remaining Claims.

13        Removing defendants contend that plaintiff's claims for intentional infliction of emotional

14   distress and failure to pay vested vacation time are also preempted.  (See Dkt. 24, Opp. at 13-17).

15   Because the court has already determined that plaintiff's breach of contract claim is preempted

16   by § 301 of the LMRA, it will not address this argument.[5]

17   ───────────────────────

18   [3] Section 10.8 of the CBAs govern termination for cause.  (See Dkt. 1-9, First CBA at § 10.8;
     Second CBA at § 10.8).

19

20   [4] Plaintiff relies on Caterpillar for the proposition that her breach of contract claim is not
     preempted because it does not refer to the terms of the CBA.  (See Dkt. 9, Motion at 2).  However,

21   in Caterpillar, the Supreme Court found that the plaintiffs' breach of contract claims were not
     preempted because the independent contracts they alleged were violated were "made while they

22   were in managerial or weekly salaried positions – agreements in which the collective-bargaining
     agreement played no part."  482 U.S. at 395 n. 9, 107 S.Ct. at 2431 n. 9.  Here, the subsequent

23   CBA concerned plaintiff's position.

24   [5] While plaintiff did not address these claims in her Motion, (see, generally, Dkt. 9, Motion), she
     contends in her Reply that the claims are not preempted, (see Dkt. 26, Plaintiff Sherih Ibrahim

25   Reply to Defendants Opposition to Plaintiff's Notice of Motion to Remand to State Court ("Reply")

26   at 3-4), and to the extent that they are, she requests that the court remand the remaining non-
     preempted claims.  (See id. at 4-6).  In her Motion, plaintiff also requested the dismissal of her

27   breach of contract claim in the event the court found it preempted by § 301.  (See Dkt. 9, Motion
     at 11).  The court declines to dismiss plaintiff's breach of contract claim and to partially remand

28   this action.  To the extent plaintiff seeks dismissal of certain claims, she may file a proper motion,

II.     COSTS AND FEES.

Plaintiff seeks an award of costs and fees in the amount of $2,000.  (See Dkt. 9, Motion at 11-13; Dkt. 26, Reply at 6).  Section 1447(c) provides in relevant part that "[a]n order remanding the case may requirement payment of just costs any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 711) (2005).  Here, an award is not warranted given the court's determination that, at a minimum, plaintiff's breach of contract claim is preempted.

**This Order is not intended for publication.  Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED that plaintiff's Motion to Remand **(Document No. 9)** is **denied**.

Dated this 15th day of January, 2016.

/s/
Fernando M. Olguin
United States District Judge

including a motion to amend the complaint pursuant to Federal Rule of Civil Procedure 15.